## FLORIDA NATIONAL BUILDING CORPORATION, et al., v. THE MIAMI BEACH FIRST NATIONAL BANK, et al.

9 So. (2nd) 563                                      En Banc

August 4, 1942          Rehearing Denied September 29, 1942

Emmett C. Choate and Giles J. Patterson, for appellants.

Copeland & Therrell and Vincent C. Giblin, for appellees.

PER CURIAM:

This appeal is from a decree rendered March 10, 1942, by the Circuit Court which in effect enjoins the removal of a trustee in a county bond trust agreement. The removal is made by a majority of the bondholders under authority conferred upon such majority. The suit is by the trustee alone. The county is made a defendant and does not seek or resist the removal of the trustee.

The trust agreement executed by the county and by the Miami Beach First National Bank, as trustee, has relation to the issue, sale, and future payment of county bonds for the construction of a public causeway. The bonds are to be paid from tolls derived from the users of the public causeway, and not from ad valorem taxation. Interests of the county and of the bondholders in the bond funds are to be conserved through the trustee who is the fiduciary representative of both the bondholders and the county. All are to be governed by the provisions of the trust agreement. The trustee is given only delegated authority to serve the county and the bondholders for stated compensations. No term of service of the trustee is provided for or contemplated by the contract which expressly provides that:

"The Trustee accepts the trusts . . . upon the terms and conditions set forth in this Article, to all of which the parties hereto and the respective holders of the bonds agree." . . .

The same article of the contract provides:

"The Trustee may be removed at any time by an instrument or concurrent instruments in writing, signed by the holders of not less than a majority in principal amount of the bonds hereby secured and then outstanding, . . ."

Counsel for the appellee trustee insist that the chancellor correctly held "that the majority bondholders may not arbitrarily remove the trustee in the absence of a *bona fide* determination by them that there is good and sufficient cause or reason for such removal; and that it is an abuse of their discretionary power."

Appellants' counsel contend that "the express provisions of Sections 13 and 14 of Article VIII give to the holders of a majority of bonds the right in their sole discretion to remove the Trustee and appoint a successor, there being no proof of abuse of power or of injury to other bondholders or to the county."

The contract does not confer upon a majority of the bondholders arbitrary or unlimited authority to remove a trustee and to appoint a successor, nor does it require a finding of cause or reason for such removal; but the contract does provide that "the trustee accepts the trust hereby created, but only upon the terms and conditions set forth in this Article," and does authorize a majority of the bondholders to remove the trustee *at any* time by an instrument in writing. It is not shown that the removal of the trustee in this case is such an arbitrary exercise or abuse of the authority conferred as has caused or will cause injury or harmful results to the county or to any bondholders whose interests are the subject of the contract. See 1 Scott on Trusts, Sec. 107.2; March v. Romare, 116 Fed. 355.

The appointment as trustee of an affiliated corporation does not as matter of law make the removal of the present trustee an arbitrary exercise or an abuse of the authority to remove a trustee. The law implies that the specifically conferred authority to remove the trustee shall not be so exercised or abused as to unduly injure the rights of the county or of any bondholders for whose benefit the trust agreement was created; but the law also intends and contemplates that the expressly conferred authority to remove the trustee may be exercised "at any time" as provided in the trust contract. Such trustee has no fixed tenure or term of service as trustee, but has a right to compensation for service rendered under the trust contract while duly authorized to perform, and performs the prescribed duties and responsibilities as such trustee.

Neither the terms and intendments of the trust agreement in this case nor the implications of law applicable to this class of cases limit the authority as expressly conferred to remove the trustee so as to require good or sufficient cause or reason to be determined or to be shown as a condition precedent to the exercise of the expressly authorized authority to remove the trustee "at any time" in the manner specified in the trust agreement.

Findings of fact by the chancellor under a mistaken theory of the applicable law may not be helpful in an appellate review of the decree rendered.

Upon a judicial consideration of the provisions and purpose of the trust agreement and of the law applicable thereto, it cannot fairly be said on this record that the fidelity to duty of the present trustee and the affiliation of the new trustee with the removing bondholders show an arbitrary exercise or an abuse of the

express authority to remove the trustee *at any time* in a stated manner.

The decree appealed from is reversed and the cause is remanded with directions to vacate the injunction orders and to dismiss the bill of complaint.

It is so ordered.

WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C, J., dissents.